# UNITED STATES BANKRUPTCY COURT
## District of Delaware
### 824 Market Street, 3rd Floor
### Wilmington, DE 19801

| | |
|---|---|
| **In Re:** ) | Bankruptcy Case No.: 16−10238−MFW |
| SFX Entertainment, Inc. ) | Bankruptcy Chapter: 11 |
|     Debtor ) | |
| _____ ) | |
| Dean A. Ziehl, as Litigation Trustee for the SFX Litigation Trust ) | |
| ) | |
|     Plaintiff ) | Adv. Proc. No.: 18−50165−MFW |
| vs. ) | |
| Crowhurst et al ) | |
|     Defendant ) | |

## ORDER ASSIGNING ADVERSARY PROCEEDING TO MEDIATION, APPOINTING MEDIATOR, AND SETTING MEDIATION DEADLINES AND TRIAL DATE

Pursuant to this Court's Standing Order dated April 7, 2004, RE: Procedures in Adversary Proceedings, Dean A. Ziehl, as Litigation Trustee for the SFX Litigation Trust , Plaintiff(s) and the above named Defendant(s) (collectively, the "Parties"), are directed to mediation to attempt to resolve disputes by and between the Parties relative to the above−captioned adversary proceeding. Upon the foregoing, it is hereby

    **ORDERED** that this matter is scheduled for Trial on a date to be determined ; and it is further

    **ORDERED** that the above−captioned adversary proceeding is hereby assigned to mediation; and it is further

    **ORDERED** that the costs of the mediation shall be paid by the bankruptcy estate, or if there is no bankruptcy estate, by the plaintiff in the adversary proceeding, or as directed by the Court; and it is further

    **ORDERED** that:

    (a) If the parties have stipulated to entry of this order, , who has been selected by the parties is appointed the mediator in this adversary proceeding; or,

    (b) If the parties have not stipulated to entry of this order, the court appoints Joseph T. Moldovan , who is a mediator from the Register of Mediators of the United States Bankruptcy Court for the District of Delaware, as the mediator in this adversary proceeding; and it is further

    **ORDERED** that within two (2) business days of receipt of this order the Parties shall e−mail and/or fax the appointed Mediator and indicate whether the case has been settled and provide a contact person's name, telephone number, fax number and e−mail address. Failure to do so will subject the parties to an administrative fee and possible additional sanctions; and it is further

    **ORDERED** that if a case has been settled as outlined in the preceding paragraph, the Parties shall notify and file with the Court all relevant settlement documents within (14) fourteen business days of the date the mediator was notified of said settlement. The parties shall file a request for extension of time if additional time is required to prepare and file the necessary settlement documents with the Court. Any such request for extension of time shall be filed within ten business days of the date the mediator was notified of said settlement; and it is further

    **ORDERED** that the Parties shall furnish the mediator with copies of such documents and such confidential statement of position as the mediator may request; and it is further

    **ORDERED** that within twenty one (21) days of appointment, the mediator shall schedule an initial mediation session; and it is further

    **ORDERED** that this mediation shall be conducted in accordance with the Local Rules of the United States Bankruptcy Court of the District of Delaware; and it is further

    **ORDERED** that pursuant to Local Rule 9019−5(c)(iii)(A), the Parties and counsel shall attend such mediation sessions as the Mediator shall deem appropriate and necessary at such times and places as the mediator shall determine; and it is further

    **ORDERED** that no later than (14) fourteen days following the conclusion of the mediation or 60 days after the entry of this order, whichever is earlier, the mediator shall file and serve on the parties the mediator's certificate of completion or mediation status report. The information provided by the mediator shall not contain any information concerning the merits of the case or confidential communications made during the mediation process; and it is further

    **ORDERED** that within one day after the entry of this Order, the attorneys for each of the Parties shall send a copy of this Order to (1) each of the individual Parties that such attorney represents; and/or (2) the principal, officer,

director or other person with full settlement authority for each entity that such attorney represents.

Date: 9/5/18

*Mary F. Walrath*
Mary F. Walrath
Bankruptcy Judge

(VAN–416)
Form Revised 03/27/13

```
                           United States Bankruptcy Court
                                District of Delaware
```

Dean A. Ziehl, as Litigation Trustee for,
      Plaintiff                                                               Adv. Proc. No. 18-50165-MFW

Crowhurst,
      Defendant

## CERTIFICATE OF NOTICE

```
District/off: 0311-1           User: leeannem                 Page 1 of 1                   Date Rcvd: Sep 05, 2018
                               Form ID: van416                Total Noticed: 2
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 07, 2018.
aty            +Steven J. Kahn,    Pachulski Stang Ziehl Young Jones Weintr,    10100 Santa Monica Boulevard,
                11th Floor,    Los Angeles, CA 90067-4003
md            +Joseph T. Moldovan,    Morrison Cohen LLP,    909 Third Avenue,    New York, NY 10022-4784

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                                    TOTAL: 0

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 07, 2018                                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 5, 2018 at the address(es) listed below:
              Colin R. Robinson    on behalf of Plaintiff    Dean A. Ziehl, as Litigation Trustee for the SFX
               Litigation Trust crobinson@pszjlaw.com,    efile1@pszjlaw.com
              Josef W. Mintz    on behalf of Defendant Timothy   Crowhurst mintz@blankrome.com,
               ecf-fe4957a0ba6a@ecf.pacerpro.com
              Josef W. Mintz    on behalf of Defendant    White Oak Securities LLC mintz@blankrome.com,
               ecf-fe4957a0ba6a@ecf.pacerpro.com
              Joseph T. Moldovan, Esq.    on behalf of Mediator Joseph T. Moldovan bankruptcy@morrisoncohen.com
              Kenneth H. Brown    on behalf of Plaintiff    Dean A. Ziehl, as Litigation Trustee for the SFX
               Litigation Trust kbrown@pszjlaw.com,    azaragoza@pszjlaw.com
              Maria A. Bove    on behalf of Plaintiff    Dean A. Ziehl, as Litigation Trustee for the SFX
               Litigation Trust mbove@pszjlaw.com
                                                                                                               TOTAL: 6